**U.S. DISTRICT COURT**

**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JASON GOODMAN<br><br>Vs.<br><br>ADAM SHARP | **Case 1:21-cv-10627-UA** |

### DECLARATION OF PROPOSED INTERVENOR D. GEORGE SWEIGERT

Under the penalties of perjury, the undersigned swears that the artifact attached as EXHIBIT A is

true and correct.  Signed this fifteenth day of December 2021 (12/15/2021)

Respectfully,

D. George Sweigert
Veteran U.S. Air Force

CERTIFICATE OF SERVICE

The proposed intervenor asserts under penalties of perjury that copies of these pleadings have been sent to Jason Goodman on 12/15/2021 at truth@crowdsourcethetruth.org on this date.

**D. George Sweigert**
**Veteran U.S. Air Force**
**America's RV Mailbox**
**514 Americas Way, PMB 13339**
**Box Elder, SD 57719-7600**
**Email: SPOLIATION-NOTICE@MAILBOX.ORG**

# <u>EXHIBIT A</u>

# Tracking The Leopard Meroz

A CHRISTIAN COMMENTARY ON THE CURSE OF JUDGES 5:23, BECAUSE THEY CAME NOT TO THE HELP OF THE LORD, AGAINST THE MIGHTY

## Jason Goodman drops off his Trojan Horse Defense at the gates of the NATAS Legal Team during a Court Discovery Conference

Posted on **May 5, 2021**



On April 23, 2021, United States Judge Valerie Caproni of the Southern District of New York ordered that a pretrial conference be held on April 30, 2021, in the *National Academy of Television Arts and Sciences vs. Multimedia System Design* lawsuit.

For those unfamiliar with this lawsuit, the defendant is Jason Goodman of *Crowdsource the Truth,* as owner of Multimedia System Design, Inc., and the primary legal issues involve trademark rights and defamation.

Members of the public were allowed to attend this Zoom court conference, provided no recording or retransmission of the hearing was done.  So, out of an interest in this case, I decided to listen in on the 2

hour discussion of unresolved discovery issues.

Both Jason Goodman and his attorney, John H. Snyder, were in attendance, and  Judge Caproni made it clear to the defendant, that since his corporation was represented by counsel, he would not be allowed to speak.  In spite of this rule,  a couple of exceptions were allowed, so that Goodman could clarify some details.

One of those opportunities for clarification was used by Jason Goodman to allege that Dave Sweigert, *the plaintiff in another federal civil lawsuit against him*, was directly responsible for shutting down his JASON GOODMAN YouTube channel, thereby frustrating discovery efforts in the NATAS lawsuit. This transfer of culpability to an outside party was astonishing, representing as it did the SODDI (Some Other Dude Did It!) legal defense.  A *Trojan Horse* had just been dropped off outside the gates of the NATAS legal team.

*That "Some Other Dude" says Jason Goodman privatized his videos; thereby preventing  public access to his own JASON GOODMAN YouTube channel*

The next day, May 1, 2021,  Dave Sweigert filed Document 268 in the *D. George Sweigert vs. Jason Goodman* lawsuit, which is also presided over by Judge Valerie Caproni.

Sweigert stated, "During a discovery conference in related litigation before District Judge Valerie E. Caproni, on 4/30/2021 the Defendant advised Judge Caproni that his JASON GOODMAN YouTube channel is not available on-line for the acquisition of discoverable defamatory statements.  The Defendant, speaking directly to Judge Caproni, advised that the 'account' disabling was a direct result of 'David Sweigert' for supposed privacy and/or copyright strikes."

"The undersigned completed a rigorous review of the situation and was able to locate one privacy complaint (or 'strike') filed by the undersigned against the JASON GOODMAN YouTube channel on August 9, 2020.  This 'privacy strike' was denied, which made the complaint moot, resulting in absolutely no detrimental impact to the JASON GOODMAN channel."

"The JASON GOODMAN YouTube channel remains in 'private' status, a visibility control directly in the hands of the Defendant and no one else.  As Judge Caproni has already mistakenly reported that BOTH the Defendant and the undersigned 'have missed deadlines', the Plaintiff has zero tolerance for any more flippant assertions made to Judge Caproni or this Court."

*What are the implications of falsehoods advanced during the Discovery process?*

David R. Hague, Assistant Professor of Law, South Texas College of Law, wrote in an April 12, 2016, scholarly article titled, ***Fraud on the Court and Abusive Discovery***, that his analysis would demonstrate that "**advancing falsehoods during the discovery process is a form of fraud on the court** and that courts have equitable power to entertain a party's action that seeks to set aside a judgment based upon fraud during the discovery process".  [bolding added.]

During the NATAS conference on discovery, the attorney for Jason Goodman did not counter the false statement made by his client, Jason Goodman, when he accused Dave Sweigert of taking down his

Case 1:21-cv-10627-VEC Jason Goodman drops off his Trojan Horse Defense at the gates of the NATAS Legal Team during a Court Discovery Conferenc...

JASON GOODMAN YouTube channel. One must expect that as legal counsel for Goodman's corporation, John H. Snyder has been conducting due diligence on ALL of his client's claims, to see if they stand up to close scrutiny.

The *Fraud on the Court and Abusive Discovery* article also provides this insight into the responsibilities of attorneys, considered officers of the Court. David Hague quotes *Murray vs. Ledbetter,* saying, that because "an attorney is an officer of the court and owes the court fiduciary duties and loyalty", "when an attorney misrepresents or omits material facts to the court, or acts on a client's perjury or distortion of evidence, his conduct may constitute a fraud on the court." Hague adds, "Furthermore, when an officer of the court fails to correct a misrepresentation or retract false evidence submitted to the court, it may also constitute fraud on the court."

The silence exhibited by the attorney for the defendant in the NATAS lawsuit, when he allowed his client to provide his SODDI defense to Judge Caproni, left the impression that Jason Goodman's statement had evidence to back it up. As the *fraud on the court* article notes, "Lawyers are professionally and ethically responsible for accuracy in their representations to the court".

A *Trojan Horse defense* effectively serves to cover over a malicious offense with a benign looking gift offering. Thus in blaming a third party for his discovery problems, Jason Goodman was expressing a feigned sympathy for the frustrations of his legal opponents in obtaining discovery. But Goodman was killing two birds with one stone, for simultaneously in the *D. George Sweigert vs. Jason Goodman* lawsuit, the defendant also had a discovery deadline to meet on April 12, 2021.

D. George Sweigert explained in his April 18, 2021, Document 250 filing to Magistrate Judge Stewart D. Aaron, "As you are well aware, the Defendant has filed ECF document no. 239 (**Dkt. 239**) to halt the discovery process in this present lawsuit (see docketing April 12th, 2021). The following day (4/13/2021) after docketing no. 239, Defendant announced in a video podcast to thousands on the **CROWDSOURCE THE TRUTH 3** channel that the **JASON GOODMAN** YouTube channel was removed (via account termination) by YouTube.COM for 'community violations'. Blame of this account termination was laid at the Plaintiff's feet. This action removed **2,333** videos, produced by the Defendant, from the Internet."

Sweigert adds, "Best evidence indicates that this supposed 'account termination' is a false self-inflicted wound perpetuated by the Defendant to interfere with the discovery process, as many of the **2,333** videos contained defamatory and slanderous commentary about the Plaintiff, who still had three (3) weeks of eligible discovery as of 4/13/2021…".

Dave Sweigert provided the court with several examples of videos that were unavailable because they were placed in *private* mode. Paragraph 3 of Document 250 observes, "It now appears the Defendant filed **Dkt. 239** and orchestrated the fake, false, fraudulent, or misleading public "account termination" by placing the JASON GOODMAN account in 'hidden status' and placing the videos on 'private' status. An account termination does not result in the display of 'private' video status for public users."

Also, around this same timeframe, on April 20, 2021, the blog writer known as *Jimmy's LLama* noted on her Twitter account that a link she had to a CSTT video had been **privatized**, and she wondered at the cause.



> **Llama** @jimmysllama · Apr 20
>
> After having it publicly available for over three years now and linked to in #TheRabbitFiles 🐇, anyone know why Crowdsource the Truth recently privatized the video with Trish and Jason talking about the White Rabbit thumb drive incident? youtube.com/watch?v=TobCgr...

*The victim status of Goodman, who continually is bullied by Big Boys*

Oddly, two days prior to the discovery deadline in *Sweigert vs. Goodman*, Jason Goodman was involved in YET ANOTHER altercation, which he filmed for his *pay-for-views* supporters.

> **CrowdsourcetheTruth** @csthetruth · Apr 10
>
> Patrick Byrne just assaulted me at the Mike Lindell event in Las Vegas

Shortly thereafter, Patrick Byrne commented on his t.me account:



> **Patrick Byrne**
>
> There is some fool out there claiming that I "assaulted" him at a recent event (when he did the thing of asking nonsensical ambush questions, then holding a microphone in my face). At one point, I grabbed the microphone so he could not pull it away before I finished speaking. I never touched the guy himself. So I guess he can say that I assaulted his microphone. 9.8K 👁 21:40



On April 13, 2021, Jason Goodman discussed a strike against his channel, but does not display evidence to support his statement:

CrowdsoucetheTruth @csthetruth · 3h    ...
After 2 days back in action @YouTube has once again applied a strike to the Jason Goodman channel preventing livestreaming or uploading for 2 weeks Soon @SubscribeStar & @Patreon may be the only place to see Crowdsource the Truth
subscribestar.com/crowdsourcethe...
patreon.com/crowdsourcethe...

Also, this Twitter message was posted:



**CrowdsourcetheTruth**
@csthetruth

⋯

with great frustration & regret I'm sad to announce the Jason Goodman @YouTube channel has been removed. I'll fight this but for now, the best option is subscribe to Crowdsource the Truth 3, youtube.com/channel/UC8UYR... @bitchute_ or SubscribeStar & Patreon



Crowdsource the Truth 3
This is a secondary backup channel for Jason Goodman
https://www.youtube.com/c/JasonGoodmancrowdsourcethe...
🔗 youtube.com

3:09 PM · Apr 13, 2021 · Twitter Web App

On April 11, 2021, one day prior to the Sweigert lawsuit discovery deadline, Documents 239, 239-1 & 2 were filed by the defendant in *D. George Sweigert vs. Jason Goodman*. In this court document, an Anti-SLAPP motion is discussed, and Jason Goodman expresses his desire to stay further discovery. [These legal issues were discussed on May 4th in a telephonic conference with Magistrate Judge Aaron, who issued an Order, with schedule deadlines that must be met by both parties, and warnings of the consequences for failure to do so.]

*Tracking the Leopard Meroz* has been providing commentary since 2017 on the participants in the Port of Charleston dirty bomb hoax incident on June 14, 2017. **When I checked a sampling of links to the Jason Goodman videos which had been discussed in my articles,** ***all were unavailable for viewing, as they had been privatized.***

Those links are an integral part of my commentary, as they allow the reader to view the original source of the material on which I form an opinion. Those links either substantiate my opinion, or vindicate the originator of the videos, and I routinely provide such evidence to facilitate the reader's understanding of the issues under discussion. *The privatization of a couple of thousand videos by a channel owner to thwart the ease of legal discovery and to give the false impression that he has been damaged by one of his critics is disingenuous.*

*ANTI-SLAPP: Is the FOLLY of promoting and dramatizing an unvetted report on a YouTube video, which resulted in the public participation in the shutting down a major US port, considered to be "protected speech"?*

Advertisements

REPORT THIS AD

*Document 239-2, Memorandum in Support of Defendant's Special Motion to Dismiss pursuant to NYCVR § 76-A and the First Amendment,* provides a section subtitled, "Factual Background" (pages 2-5) which is interesting as part of the ongoing narrative on the Port of Charleston incident.

[Compare Goodman's recollections with the *Tracking the Leopard Meroz* 3-part series on the Port of Charleston, which is linked for easy access in my March 20, 2021, article titled, *"Crowdsource the Truth's 'Elephant in the Room': The Connection to the Russian Propaganda Site-Sputnik News".]*

Pro se defendant Jason Goodman began his Document 239-2 *factual background* explanation saying, "**This lawsuit was brought by Plaintiff for the improper purpose of suppressing First Amendment protected speech about matters of public interest. For this reason alone, the matter should be dismissed under New York State's anti-SLAPP statute**." [bolding added.]

The reader might recall that *D. George Sweigert vs. Jason Goodman* was originally structured as a federal civil RICO lawsuit and filed on June 14, 2018, in Charleston, South Carolina, BEFORE it was transferred to the Southern District of New York, where the defendant resides. **So whether or not the Plaintiff's purpose was improper or not, would be determined by the intent of that original complaint.**

Because Sweigert lacked standing to bring about his RICO complaint, the lawsuit was then narrowed by Judge Caproni to the remaining elements of defamation and *use of Sweigert's image.* What gets forgotten over an almost 3 year time span, with 270 documents filed in this lawsuit, is the amount of evidence which Sweigert submitted to the Court in the form of exhibits. **No matter how this lawsuit is eventually resolved, a snapshot of Jason Goodman's activities on YouTube have been archived in this lawsuit, *which no amount of privatization of over two thousand videos can delete.***

In the NATAS lawsuit, Goodman's attorney introduced a motion to include a recently amended New York Anti-SLAPP statute as part of his client's defense. Weeks later, attorney John Snyder employed this litigation move as his ace-in-the-hole in his attempt to negotiate a trade-off with the NATAS legal team.

Subsequently, Jason Goodman, as *pro se* defendant in the Sweigert lawsuit, also introduced the amended New York Anti-SLAPP statute, which apparently can be applied retroactively to a case which has been ongoing for almost three years.

A SLAPP lawsuit, or ***Strategic Lawsuit Against Public Participation,*** depending on the state which has codified Anti-SLAPP laws, originally involved the protection of ordinary persons, who for example, speak out in local councils, say on building codes, who are then frivolously sued in order to silence their public

participation. In recent years, Anti-SLAPP laws have been broadened, which has resulted in an increase of Anti-SLAPP lawsuits.

As Jason Goodman desires to apply an Anti-SLAPP statute **retroactively** to the *Sweigert vs. Goodman* lawsuit, it would behoove the defendant to explain how the Port of Charleston hoax incident represents protected speech when it involved the promotion of a false report from an unvetted source which Goodman, Webb and Negron **dramatized to the point that a major port was shut down**. And why is it that anyone who criticized the June 14, 2017, folly displayed on Jason Goodman's *Crowdsource the Truth* video, is characterized by Goodman as an effort to silence public participation? *That public participation involved the public viewers of CSTT sending 8,000 Twitter messages to the Coast Guard, which some have characterized as a DDoS attack.*

Anti-SLAPP and a SODDI legal defense…*What saith these officers of the court about the Trojan Horse sitting outside their gate?*

This entry was posted in **Conspiracy Media**, **Cyberstalking**, **D. George Sweigert (RICO) vs Jason Goodman**, **National Academy of Television v Crowdsource the Truth** and tagged **anti-SLAPP lawsuits**, **D. George Sweigert vs Jason Goodman lawsuit**, **Jason Goodman aka Multimedia System**, **Jason Goodman Crowdsource the Truth**, **National Academy of Television vs Multimedia System**, **trojan horse SODDI legal defense** by **Jacquelyn Weaver**. Bookmark the **permalink [https://trackingmeroz.wordpress.com/2021/05/05/jason-goodman-drops-off-his-trojan-horse-defense-at-the-gates-of-the-natas-legal-team-during-a-court-discovery-conference/]** .

2 THOUGHTS ON "JASON GOODMAN DROPS OFF HIS TROJAN HORSE DEFENSE AT THE GATES OF THE NATAS LEGAL TEAM DURING A COURT DISCOVERY CONFERENCE"



Tom Hanks
on **May 9, 2021 at 2:41 pm** said:

Hi, Jason continuously states that he has everything that he has filmed and put on any channel is backed up to his local drives, in high quality. He has said many times he can recreate the YouTube channels and implied that he was planning to do this on his own server system in the near future.



**Plaintiff**
on **May 9, 2021 at 5:01 pm** said:

When did he says this? Cite?

This site uses Akismet to reduce spam. Learn how your comment data is processed.