UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/21/2021
```

------------------------------------------------------------X
JASON GOODMAN,                                     :
                                    Plaintiff,     :
                                                   :
       -against-                                   :
                                                   :       21-CV-10627 (VEC)
ADAM SHARP, TERRANCE O'REILLY,                     :
MARGARET ESQUENET, NATIONAL                        :            ORDER
ACADEMY OF TELEVISION ARTS AND                     :
SCIENCES, and ACADEMY OF TELEVISION                :
ARTS AND SCIENCES,                                 :
                                    Defendants.    :
------------------------------------------------------------X

VALERIE CAPRONI, United States District Judge:

       WHEREAS non-party George Sweigert — with whom Plaintiff Jason Goodman has an

ongoing dispute that festers on social media, *see Sweigert v. Goodman*, No. 18-CV-8653 (VEC)

— filed a declaration as a proposed intervenor, *see* Dkts. 3, 4;

       WHEREAS the Court will construe Mr. Sweigert's declaration as a motion to intervene[1];

       IT IS HEREBY ORDERED that Mr. Sweigert's motion to intervene is DENIED.  To

intervene as of right under Federal Rule of Civil Procedure 24(a), a party must have a "direct,

substantial, and legally protectable" interest in the subject matter of the action.  *United States v.

City of New York*, 198 F.3d 360, 365 (2d Cir. 1999).  Mr. Sweigert has no protectable legal

interest in this case, which concerns Defendant's alleged abuse of process with respect to another

case in which Mr. Sweigert is not a party, *The National Academy of Television Arts and

Sciences, Inc. et al v. Multimedia System Design, Inc.*, No. 20-CV-7269 (VEC).  *See New York

News, Inc. v. Kheel*, 972 F.2d 482, 486–87 (2d Cir. 1992) (denying non-party's motion to

_____

[1]      *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) ("the submissions
of a *pro se* litigant must be construed liberally and interpreted 'to raise the strongest arguments that they suggest'")
(quoting *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006)).

intervene to strike allegedly false portions of plaintiff's complaint because the non-party failed to identify a "protectable interest in the action").

　　　　To intervene permissively under Rule 24(b), a party must have "a claim or defense that shares with the main action a common question of law or fact."  Fed. R. Civ. P. 24(b)(1)(B). Intervention, however, cannot be used to "inject collateral issues into an existing action," and the Court has broad discretion to deny an applicant's motion for permissive intervention.  *Kheel*, 972 F.2d at 486–87.  As noted *supra*, Mr. Sweigert has not identified any legally protectable interest in this case, and the Court will not allow Mr. Sweigert to inject his unrelated ongoing disputes with Mr. Goodman into this case.

**SO ORDERED.**

**Date:   December 21, 2021**
**　　　　New York, New York**

　　　　　　　　　　　　　　　　　　**VALERIE CAPRONI**
　　　　　　　　　　　　　　　　　　**United States District Judge**