UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
– – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – –
                                   X

Jason Goodman

:
:
:      1:21-cv-10627-VEC
:

Plaintiff(s),     :    [JOINT PROPOSED]

-v-             :    CIVIL CASE

ADAM SHARP, TERRANCE O'REILLY, FRANK  :  MANAGEMENT

SCHERMA, MARGARET ESQUENET, NATIONAL  :  PLAN AND

ACADEMY OF TELEVISION ARTS AND SCIENCES, :  SCHEDULING

INC., ACADEMY OF TELEVISION ARTS AND  :  ORDER

SCIENCES, INC.              :

Defendant(s).  :
– – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – –
                                     X

This Civil Case Management Plan is submitted by the parties in accordance with Fed. R. Civ. P.
26(f)(3).

1.     All parties do not consent to conducting all further proceedings before a United
States Magistrate Judge, including motions and trial.
28 U.S.C. § 636(c).

2.     Except for amendments permitted by Fed. R. Civ. P. 15(a)(1) and this Court's Individual
Practices in Civil Cases ("Individual Practices"), amended pleadings may not be filed and
additional parties may not be joined except with leave of the Court.  Any motion to
amend or to join additional parties shall be filed within 30 days from the date of this
Order.

3.     Initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) shall be completed no later than
14 days from the date of this Order.

4.     Discovery

     a.   All fact discovery shall be completed no later than 90 days following the initial
pretrial conference.

     b.   All expert discovery, including reports, production of underlying documents, and
depositions, shall be completed no later than 45 days from the completion of all fact
discovery.

    c.   Within two weeks of the date of entry of this Scheduling Order, the parties shall meet and confer in person to agree upon a joint plan for meeting the discovery deadlines.

    d.   In the case of discovery disputes, the parties should follow Local Civil Rule 37.2 with the following modifications:  Any party wishing to raise a discovery dispute with the Court **must first meet and confer in good faith** with the opposing party, in person, or by telephone, in an effort to resolve the dispute.  If this process fails and the Court's intervention is required, the parties must jointly call Chambers to schedule a joint teleconference with the Court for prompt resolution of the dispute.  The Court will determine during the teleconference whether additional submissions will be required.

5.    Counsel for the parties believe the following alternative dispute resolution mechanisms may be helpful in resolving this case (check all that apply):

    _____    Immediate referral to the District's Mediation Program

    _____    Immediate referral to a Magistrate Judge

    _____    Referral to the District's Mediation Program after the close of fact discovery

    _____    Referral to a Magistrate Judge after the close of fact discovery

    _____    Other

6.    This case is to be tried to a jury.

7.    Other issues to be addressed at the Initial Pretrial Conference, including those set forth in Fed. R. Civ. P. 26(f)(3), are set forth below:

The Parties would like to discuss the three motions that are pending before the Court. First, Defendants filed a Joint Motion to Dismiss the Amended Complaint on April 5, 2022 (Dkt. 51), Plaintiff's opposition to which is due April 19, 2022.  Second, on April 12, 2022, Plaintiff filed a Motion for Leave to File a Second Amended Complaint.  (Dkt. 57). Third, today (April 14, 2022), Plaintiff filed a Motion for Leave to File a Third Amended Complaint. (Dkt. 60). Defendants intend to oppose Plaintiff's Motions for Leave to Amend the Complaint, which briefs are due April 26, 2022 and April 28, 2022, respectively.  If the Court grants the Plaintiff permission to file either proposed amendment, Defendants intend to renew their motion to dismiss.

Because Defendants have filed a motion to dismiss the Amended Complaint arguing, *inter alia*, that the Court lacks subject matter jurisdiction over this matter and that the claims should be dismissed with prejudice and without leave to amend, and due to Plaintiff's pending motions to file a Second and Third Amended Complaint, Defendants believe that it would conserve the parties' and the Court's resources to stay discovery pending a determination on (1) Defendants' motion to dismiss the Amended Complaint; (2) Plaintiff's pending motions for leave to file a Second and Third Amended Complaint; and

(3) in the event that the Court grants Plaintiff's motions for leave to file a Second and/or Third Amended Complaint, Defendants' anticipated motion to dismiss the operative Complaint.  In short, both the original Complaint, Amended Complaint, Proposed Second Amended Complaint, and Proposed Third Amended Complaint are subject to dismissal with prejudice and without leave to amend for similar reasons.  In the event that the Court is inclined to proceed with discovery while these motions are pending, Defendants respectfully request that the Court limit the scope of discovery given the pending motions.  Additionally, Defendants believe it would be useful to discuss limitations on discovery subjects under FRCP 23(f)(3)(B) and the production and security of documents under FRCP 23(f)(3)(B).

8.      This Order may not be modified or the dates herein extended except by further Order of the Court for good cause shown.  Unless the Court orders otherwise, parties engaged in settlement negotiations must pursue settlement and conduct discovery simultaneously.  Parties should not assume that they will receive an extension of an existing deadline if settlement negotiations fail.  Any application to modify or extend the dates herein shall be made by written application no later than two business days before the date sought to be extended in accordance with the Court's Individual Practices.

9.      The next pretrial conference is scheduled for _____at _____in Courtroom 443 of the Thurgood Marshall Courthouse, 40 Foley Square, New York, New York 10007.

By Thursday of the week prior to that conference, the parties shall submit a joint letter regarding the status of the case.  The letter should include the following information in separate paragraphs:

a. a statement of all existing deadlines, due dates, and/or cut-off dates;

b. a brief description of any outstanding motions;

c. a brief description of the status of discovery and of any additional discovery that needs to be completed;

d. a statement describing the status of any settlement discussions and whether the parties would like a settlement conference;

e. a statement of the anticipated length of trial and whether the case is to be tried to a jury;

f. a statement of whether any party anticipates filing a motion for summary judgment or a motion to exclude expert testimony;

g. any other issue that the parties would like to address at the pretrial conference; and

h. any other information that the parties believe may assist the Court in advancing the case to settlement or trial.

Counsel for the Parties:

Jason Goodman

_/s/ Jason Goodman_
252 7th Avenue #6s
New York, NY 10001
Telephone:  (323) 744-7594
*Pro Se*

FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, LLP

*Attorneys for Defendants Frank Scherma,*
*Margaret Esquenet, and Academy of*
*Television Arts & Sciences*

_/s/ Mary Kate Brennan_
B. Brett Heavner, Esq. (*pro hac vice*)
Mary Kate Brennan, Esq.
901 New York Avenue NW
Washington, DC 20001
Telephone: (202) 408-4000
Facsimile: (202) 408-4400
b.brett.heavner@finnegan.com
marykate.brennan@finnegan.com

GORDON REES SCULLY MANSUKHANI,
LLP

*Attorneys for Defendants Adam Sharp,*
*Terrance O'Reilly, and The National*
*Academy of Television Arts & Sciences*

_/s/ Brian E. Middlebrook_
Brian E. Middlebrook, Esq.
John T. Mills, Esq.
One Battery Park Plaza, 28th Floor
New York, New York 10004
Telephone: (212) 269-5500
Facsimile: (212) 269-5505
bmiddlebrook@grsm.com
jtmills@grsm.com

**SO ORDERED.**

**Date:** _____
     **New York, New York**

_____
**VALERIE CAPRONI**
**United States District Judge**