IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF NEW YORK

JASON GOODMAN

        Plaintiff,

vs.

ADAM SHARP, TERRANCE O'REILLY, FRANK SCHERMA, MARGARTET ESQUENET, ACADEMY OF TELEVISION ARTS AND SCIENCES, INC.,

        Defendants

Case No.: 1:21-cv-10627-VEC

**NOTICE OF MOTION SEEKING SANCTIONS PURSUANT TO RULE 11**

Pro Se non-attorney Jason Goodman ("Goodman") gives this notice to respectfully move the Court with the attached motion and exhibits for an order granting sanctions against the defendants for fraudulently adding plaintiff's electronic signature to a document without approval or consent and filing it with this Court in violation of 8 U.S. Code § 1324c, NY JUD § 487, and Fed R. Civ. P Rule 11.

Signed this 15th day of April 2022

Respectfully submitted,

_____

Jason Goodman, Plaintiff, Pro Se
252 7th Avenue Apt 6s
New York, NY 10001
(323) 744-7594
truth@crowdsourcethetruth.org

MOTION SEEKING LEAVE TO FILE THIRD AMENDED COMPALINT- 1

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JASON GOODMAN | Case No.: 1:21-cv-10627-VEC |
| Plaintiff, | |
| vs. | **MOTION SEEKING SANCTIONS PURSUANT TO RULE 11** |
| ADAM SHARP, TERRANCE O'REILLY, FRANK SCHERMA, MARGARTET ESQUENET, ACADEMY OF TELEVISION ARTS AND SCIENCES, INC., | |
| Defendants | |

Pro Se non-attorney Jason Goodman ("Goodman") respectfully moves the Court for an order granting sanctions against the defendants pursuant to rule of 11 of the Federal Rules of Civil Procedure for fraudulently adding plaintiff's electronic signature to the proposed joint Civil Case Management Plan and Scheduling Order without the knowledge, approval, or consent of the plaintiff.  Defendants made a fraudulent filing with this Court in violation of 8 U.S. Code § 1324c, NY JUD § 487, and Fed R. Civ. P Rule 11.  Defendants have deliberately obstructed communication including refusal to schedule a phone conference and failure to respond to pertinent questions by email.  After receiving a draft proposed joint Civil Case Management Plan and Scheduling Order draft written by plaintiff, **(EXHIBIT A)** defendants edited the document, removed the "DRAFT" indicator in the header, added plaintiff's electronic signature and filed the document with the court (ECF Nos. 63 and 64) without the knowledge, consent, or approval of plaintiff.  This behavior underscores plaintiff's allegations of abuse of process which have now risen to the level of criminal conduct in violation of 8 U.S. Code § 1324c.

MOTION SEEKING LEAVE TO FILE THIRD AMENDED COMPALINT- 1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**INTRODUCTION**

Plaintiff filed an amended complaint on March 15, 2022, adding Frank Scherma ("Scherma") as a co-defendant (ECF No. 41).  In a January 2022 phone call, Scherma told plaintiff that he was not legally represented by defendants and was not aware of plaintiff or any litigation involving him and the Academy of Television Arts and Sciences ("ATAS").

On March 28, 2022, plaintiff emailed counsel for defendants Brett Heavner ("Heavner") to communicate regarding Scherma and ask if he was represented by Heavner.  Heavner refused to schedule a phone conference and refused to answer about Scherma.  Later on March 28, 2022, plaintiff emailed counsel for defendants John Mills ("Mills") for the same purpose.  Mills stated, "This firm represents Adam Sharp, Terry O'Reilly and NATAS in this matter" and also refused to schedule a phone conference.  Considering that Scherma was not represented, on April 5, 2022, plaintiff served Scherma at his office in Los Angeles via a licensed process server (ECF No. 55).  Nearly a week later April 11, 2022, Heavner emailed plaintiff claiming, "pursuant to Fed. R. Civ. P. 4(d), Mr. Scherma has authorized us to waive service on his behalf."  Due to the persistent deceitful behavior of defendants, plaintiff questioned the veracity of the claim.  Goodman responded stating "I believe you are attempting to deceive me and you do not represent Mr. Scherma."  Goodman further requested some form of evidence that Scherma was in fact represented as Heavner now claimed, but there was no response.

On April 12, 2022, Plaintiff filed a letter motion with the Court seeking a continuance to file the joint letter and joint Civil Case Management Plan and Scheduling Order on the basis that no attorney had filed a notice of appearance for Scherma.  At 9:25am on April 13, 2022, Plaintiff emailed Heavner two Microsoft Word .docx drafts of the proposed joint letter and joint Civil

MOTION SEEKING LEAVE TO FILE THIRD AMENDED COMPALINT- 2

Case Management Plan and Scheduling Order.  No acknowledgement of receipt was given despite three separate emails requesting one.

   At 5pm the next day, on April 14, 2022, Goodman emailed Heavner suggesting it was in their mutual interest to timely file the joint documents and sought a redline edited copy of the draft Goodman had sent the previous day.  At 9:04 pm on April 14, 2022 with less than three hours to file and no response from the defendant, Goodman emailed Heavner again stating "I believe you are deliberately delaying to make this process more difficult than it needs to be.  If I have not received a draft from you within the next 60 minutes, I will presume you do not intend to file jointly."  At that time Goodman began to prepare a contingency response in the event defendants did not provide a redline edited copy.  Plaintiff did not receive a redline edit and did not receive any response from defendants until 9:46pm April 14, 2022, when Mary Kate Brennan ("Brennan") emailed plaintiff ECF No. 63 and 64 which had been filed on the docket and contained electronic signatures indicating plaintiff's approval and agreement.  At no point did plaintiff indicate his approval of a final draft submission or apply an electronic signature to any such draft.  Defendants fraudulently added plaintiff's signature without approval or consent.

## LEGAL ARGUMENT

### I.      THE COURT SHOULD IMPOSE APPROPRIATE SANCTIONS FOR DEFENDANTS' LITIGATION MISCONDUCT

"The essence of fraud on the court is when a party lies to the court and his adversary intentionally, repeatedly, and about issues that are central to the truth-finding process." Passlogix, Inc. v. 2FA Tech., LLC, 708 F. Supp. 2d 378, 393 (S.D.N.Y. 2010) (internal quotation marks omitted). This is exactly what Plaintiff has alleged all along, and now there is irrefutable

MOTION SEEKING LEAVE TO FILE THIRD AMENDED COMPALINT- 3

evidence of deliberate deception.  Defendants acted without Plaintiff's consent when they fraudulently added his electronic signature to documents filed with the Court.  Defendants' misconduct amounts to a fraud on the Court and requires meaningful sanctions.

### A.  This Court Has Multiple Sources of Authority to Impose Sanctions

Parties, witnesses, and counsel must be truthful and not misrepresent facts to opposing parties or the Court. When they are not, federal courts "possess[] broad inherent power to protect the administration of justice by levying sanctions in response to abusive litigation practices." Penthouse Int'l, Ltd. v. Playboy Enters., 663 F.2d 371, 386 (2d Cir. 1981).  The misconduct outlined above is sanctionable and the Court may issue sanctions pursuant to several sources of authority.  First, this Court retains inherent authority "to fashion… appropriate sanction[s] for conduct which abuses the judicial process"—particularly when "a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." Chambers v. NASCO, Inc., 501 U.S. 32, 44–46 (1991) (citations and internal quotation marks omitted); see also Goodyear Tire & Rubber Co. v. Haeger, 137 S. Ct. 1178, 1186 (2017) ("Federal courts possess certain 'inherent powers,' not conferred by rule or statute, to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.") (internal citations and quotation marks omitted); Sussman v. Bank of Israel, 56 F.3d 450, 459 (2d Cir.1995) (noting court's "inherent power" to "sanction counsel or a litigant for bad-faith conduct"). The Court's inherent authority to impose sanctions may be used where "false testimony, material misrepresentations [by counsel] and foot-dragging were used in an effort to prevent [the plaintiff] from getting at [] records that were relevant to the central issue of the case." Penthouse Int'l, Ltd., 663 F.2d at 392. That authority extends to where there has been fraud on the court. See Shah v. Eclipsys Corp., No. 08-cv-2528, 2010 WL

MOTION SEEKING LEAVE TO FILE THIRD AMENDED COMPALINT- 4

2710618, at *14 (E.D.N.Y. 2010). A fraud on the court may occur "[w]hen an attorney misrepresents or omits material facts to the court, or acts on a client's perjury or distortion of evidence." E. Fin. Corp. v. JSC Alchevsk Iron & Steel Works, 258 F.R.D. 76, 85 (S.D.N.Y. 2008). "To find that a party has committed fraud on the court, it must be established by clear and convincing evidence that the party has repeatedly and intentionally lied about issues that are central to the truth-finding process." Shah, 2010 WL 2710618, at *14.

## B. Sanctions Are an Appropriate Remedy Under These Circumstances

Defendants' misconduct, which attempted to mislead the Court into relying upon false and misleading material representations, warrant meaningful sanctions. The Court has "wide discretion" to determine appropriate sanctions. Reilly v. Natwest Mkts. Grp. Inc., 181 F.3d 253, 267 (2d Cir. 1999) When fashioning a remedy, courts often consider the following factors: "(i) whether the misconduct was the product of intentional bad faith; (ii) whether and to what extent the misconduct prejudiced the injured party; (iii) whether there is a pattern of misbehavior rather than an isolated instance; (iv) whether and when the misconduct was corrected; and (v) whether further misconduct is likely to occur in the future." Passlogix, Inc. v. 2FA Tech., LLC, 708 F.Supp.2d 378, 394 (S.D.N.Y.2010); see also Almeciga v. Ctr. for Investigative Reporting, Inc., 185 F. Supp. 3d 401, 435 (S.D.N.Y. 2016) (same). These factors all favor meaningful sanctions.

Defendants' misconduct was intentional. This is clear from the pattern of avoiding meaningful responses to pertinent questions about Scherma. Plaintiff's communications with defendant seeking revised draft of the joint filing indicate clearly Plaintiff did not consent to any final draft. Defendants' bad faith conduct prejudiced plaintiff by denying him his right to participate in drafting the joint filing and approving the final draft. There is a clear pattern of

MOTION SEEKING LEAVE TO FILE THIRD AMENDED COMPALINT- 5

misbehavior, and this is only the latest attempt to deny plaintiff's right to a fair trial and to access

justice through the courts.  Defendant is unable to correct this behavior because a forged

document has been filed on the District Court docket.  It is likely misconduct with continue.

Plaintiff's entire complaint is based on defendants' pattern and practice of abuse of process.  This

deliberate forgery of plaintiff's electronic signature shows the defendant will go to great lengths,

using false and misleading statements and attempting to manipulate circumstances, facts, and

documents in an ongoing effort to obstruct Plaintiff's right to obtain justice through the courts.

Defendants' misconduct was not isolated. Bad faith efforts to harm plaintiff began in August

2020 and have included multiple acts of false and misleading statements in testimony, court

filings, and other documents.  Defendants' misconduct continues to the present day as they have

never attempted to correct the record and only increase their efforts to obstruct plaintiff's rights.

## CONCLUSION

        This entire case is based on plaintiff's claim that defendants have abused the legal

process via their counsel and violated laws to deceive this Court as they go to ever expanding

and alarmingly strenuous efforts to deny Goodman his legal rights.  For the reasons stated above

and due to repeated bad faith, dishonest, deceptive, and damaging conduct by defendants, the

Court should impose meaningful sanctions.

Signed this 15th day of April 2022
Respectfully submitted,

_____
                                        Jason Goodman, Plaintiff, Pro Se
                                                    252 7th Avenue Apt 6s
                                                    New York, NY 10001
                                                    (323) 744-7594
                                truth@crowdsourcethetruth.org

MOTION SEEKING LEAVE TO FILE THIRD AMENDED COMPALINT- 6

**(EXHIBIT A)**

Draft

Hon. Judge Valerie E. Caproni
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

April 1x, 2022

Re: Goodman v Sharp et al (1:21-cv-10627-VEC)

Dear Judge Caproni,

Pursuant to your December 17, 2021 Order (Dkt. 8), and the memo endorsement of March 18, 2022 (Dkt. 44) the parties submit this joint letter in preparation for the initial pretrial conference scheduled to take place telephonically on April 22, 2022, at 11:00am.

As the Court is aware, Goodman is the owner of a corporation that was sued by the Defendants. Goodman has alleged the defendants unjustly enriched themselves at Goodman's expense and violated state and federal law by suing a corporation for information published on the internet by Goodman. This case is not about trademark or copyright infringement claims, it is about the defendant's abuse of the law, abuse of tax-exempt funds, violation of New York's Nonprofit Revitalization Act of 2013 and violation of the authorized organizational purpose for which they are granted tax exempt status with the express intent of damaging Goodman. Defendant's willful violation of these state and federal laws was done for a malicious ulterior purpose and resulted in direct and significant financial damage to Goodman in the form of loss of business, legal fees, and other expenses.

The complaint raises unjust enrichment and other claims pursuant to 47 U.S. Code § 230 and New York's non-profit revitalization act of 2013 and brings new allegations not previously considered by the court.

Plaintiff further alleges defendants' wrongful acts were perpetrated in service of the personal, political, and financial goals of Adam Sharp and Margaret Esquenet and for their personal inurement with tax-exempt funds. Named co-conspirators became complicit in these allegedly illegal acts when they learned of the misdeeds and chose to continue to participate.

## CONTEMPLATED MOTIONS

Plaintiff does not contemplate filing any motions at this time.

## SUBJECT MATTER JURISDICTION

This Court has subject matter jurisdiction over this action because the amount in controversy exceeds $75,000 and because a federal question exists regarding Goodman's right to challenge defendant's unjust enrichment, abuse of process and other wrongful actions pursuant to 47 U.S. Code § 230 and New York Nonprofit law. Jurisdiction over the violation of New York's Nonprofit Revitalization Act is based on this Court's supplemental jurisdiction.

Draft

## Settlement

Plaintiff is willing to enter a settlement negotiation, but defendants remain uncooperative having refused to participate in multiple proposed telephone conferences.


Jason Goodman                                             FINNEGAN, HENDERSON, FARABOW,
                                                          GARRETT & DUNNER, LLP


_____       _____
truth@crowdsourcethetruth.org                   B. Brett Heavner
252 7th Avenue #6s                              b.brett.heavner@finnegan.com
New York, NY 10001                              Margaret Esquenet
Telephone:    (323) 744-7594                     margaret.esquenet@finnegan.com
                                                901 New York Avenue NW
Pro Se                                          Washington, DC  20001
                                                Telephone:    (202) 408-4000

                                                Attorneys for Defendants

Draft

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
                                        X

|  |  |  |
|---|---|---|
| Jason Goodman | : | 1:21-cv-10627-VEC |
|  | : |  |
| | : | <u>CIVIL CASE</u> |
| Plaintiff(s), | : | <u>MANAGEMENT</u> |
| -v- | : | <u>PLAN AND</u> |
| ADAM SHARP, TERRANCE O'REILLY, FRANK | | <u>SCHEDULING</u> |
| SCHERMA, MARGARET ESQUENET, NATIONAL | | <u>ORDER</u> |
| ACADEMY OF TELEVISION ARTS AND SCIENCES, | | |
| INC., ACADEMY OF TELEVISION ARTS AND | | |
| SCIENCES, INC. | | |
| Defendant(s). | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
                                        X

This Civil Case Management Plan is submitted by the parties in accordance with Fed. R. Civ. P. 26(f)(3).

1.     All parties do not consent to conducting all further proceedings before a United States Magistrate Judge, including motions and trial. 28 U.S.C. § 636(c).

2.     Except for amendments permitted by Fed. R. Civ. P. 15(a)(1) and this Court's Individual Practices in Civil Cases ("Individual Practices"), amended pleadings may not be filed and additional parties may not be joined except with leave of the Court.  Any motion to amend or to join additional parties shall be filed within 30 days from the date of this Order.

3.     Initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) shall be completed no later than 14 days from the date of this Order.

4.     Discovery

      a.  All fact discovery shall be completed no later than 90 days following the initial pretrial conference.

      b.  All expert discovery, including reports, production of underlying documents, and depositions, shall be completed no later than 45 days from the completion of all fact discovery.

c. Within two weeks of the date of entry of this Scheduling Order, the parties shall meet and confer in person to agree upon a joint plan for meeting the discovery deadlines.

d. In the case of discovery disputes, the parties should follow Local Civil Rule 37.2 with the following modifications:  Any party wishing to raise a discovery dispute with the Court **must first meet and confer in good faith** with the opposing party, in person, or by telephone, in an effort to resolve the dispute.  If this process fails and the Court's intervention is required, the parties must jointly call Chambers to schedule a joint teleconference with the Court for prompt resolution of the dispute.  The Court will determine during the teleconference whether additional submissions will be required.

5. Counsel for the parties believe the following alternative dispute resolution mechanisms may be helpful in resolving this case (check all that apply):

      _____  Immediate referral to the District's Mediation Program

      _____  Immediate referral to a Magistrate Judge

      _____  Referral to the District's Mediation Program after the close of fact discovery

      _____  Referral to a Magistrate Judge after the close of fact discovery

      _____  Other

6. This case is to be tried to a jury.

7. Other issues to be addressed at the Initial Pretrial Conference, including those set forth in Fed. R. Civ. P. 26(f)(3), are set forth below.

8. This Order may not be modified or the dates herein extended except by further Order of the Court for good cause shown.  Unless the Court orders otherwise, parties engaged in settlement negotiations must pursue settlement and conduct discovery simultaneously.  Parties should not assume that they will receive an extension of an existing deadline if settlement negotiations fail.  Any application to modify or extend the dates herein shall be made by written application no later than two business days before the date sought to be extended in accordance with the Court's Individual Practices.

9. The next pretrial conference is scheduled for _____ at _____ in Courtroom 443 of the Thurgood Marshall Courthouse, 40 Foley Square, New York, New York 10007.

By Thursday of the week prior to that conference, the parties shall submit a joint letter regarding the status of the case.  The letter should include the following information in separate paragraphs:

a. a statement of all existing deadlines, due dates, and/or cut-off dates;

b. a brief description of any outstanding motions;

c. a brief description of the status of discovery and of any additional discovery that needs to be completed;

d. a statement describing the status of any settlement discussions and whether the parties would like a settlement conference;

e. a statement of the anticipated length of trial and whether the case is to be tried to a jury;

f. a statement of whether any party anticipates filing a motion for summary judgment or a motion to exclude expert testimony;

g. any other issue that the parties would like to address at the pretrial conference; and

h. any other information that the parties believe may assist the Court in advancing the case to settlement or trial.

Counsel for the Parties:

Jason Goodman

FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP

_____
252 7th Avenue #6s
New York, NY 10001
Telephone:     (323) 744-7594
*Pro Se*

_____
Margaret Esquenet (pro hac vice to be filed)
margaret.esquenet@finnegan.com
B. Brett Heavner (pro hac vice to be filed)
b.brett.heavner@finnegan.com
901 New York Avenue NW
Washington, DC  20001
Telephone:     (202) 408-4000

Attorneys for Defendants

**SO ORDERED.**

**Date: _____**
         **New York, New York**

**_____**
**VALERIE CAPRONI**
**United States District Judge**

3