**MEMO ENDORSED**

D. G. SWEIGERT, C/O
AMERICA'S RV MAILBOX, PMB 13339
514 Americas Way, Box Elder, SD 57719
Spoliation-notice@mailbox.org

**April 14, 2022**

VIA ECF
Hon. Valerie E. Caproni
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  4/15/2022
```

REF: 1:21-cv-10627-VEC *Goodman v. Sharp et al*

Dear Judge Caproni:

    I write on behalf of myself, a non-attorney *pro se* potential intervenor. I write to protect my interests to a professional reputation as a computer security expert. I seek to intervene in this action pursuant to Rule 24 as a co-defendant.

    In ECF document no. 60 Mr. Goodman cites my surname 13 times, with allegations that orbit a presumed conspiracy between myself and the Defendants and e-mail exchanges, see para 10, page 8 of 74, ECF 60.

    As the attached e-mail messages of 8/31/2020 and 9/1/2020 indicate, Mr. Goodman was fully briefed that a copy of a proposed supplemental complaint (in *Sweigert v. Goodman*) would be forwarded to the EMMY Television Awards institution (see attached). That supplemental complaint included the identification of Multimedia Systems Design, Inc.

*/s/ D. Sgt/*
**D. G. SWEIGERT**

I hereby certify that a copy of this letter and attachments has been sent to Mr. Goodman at truth@crowdsourcethetruth.org on April 14, 2022, so said under the penalties of perjury. Copies of the attached e-mail messages have been forwarded to Mr. Goodman and Defendant's counsel.

*/s/ D. Sgt/*
**D. G. SWEIGERT**

**Note bold face is emphasis added.**

---------- Original Message ----------

From: David George Acton Sweigert <spoliation-notice@mailbox.org>

To: **Jason Goodman <truth@crowdsourcethetruth.org>,** Spoliation Notice <spoliation-notice@mailbox.org>

Cc: **"jasongoodman72@protonmail.com" <jasongoodman72@protonmail.com>,** "nysag@ag.ny.gov" <nysag@ag.ny.gov>, "NYAG.Pressoffice@ag.ny.gov" <NYAG.Pressoffice@ag.ny.gov>

Date: 08/31/2020 7:21 PM

Subject: Re: Copyright strike


OK,

In that case I will send the proposed supplemental complaint (see SDNY) to the N.Y.A.G., the U.S. Federal Trade Commission and the **Emmy Academy as a courtesy to you.**

Best,

D.G.

**Note bold face is emphasis added.**

---------- Original Message ----------

From: Spoliation Notice <spoliation-notice@mailbox.org>

To: Spoliation Notice <spoliation-notice@mailbox.org>,

**"jason@21stcentury3d.com" <jason@21stcentury3d.com>,**

**"jasongoodman72@protonmail.com" <jasongoodman72@protonmail.com>,**

**"truth@crowdsourcethetruth.org" <truth@crowdsourcethetruth.org>**

Cc: "whitcomb@televisionacademy.com" <whitcomb@televisionacademy.com>,

"einstein@televisionacademy.com" <einstein@televisionacademy.com>,

"fyc@televisionacademy.com" <fyc@televisionacademy.com>,

"interviews@televisionacademy.com" <interviews@televisionacademy.com>,

"emmyawards@televisionacademy.com" <emmyawards@televisionacademy.com>,

"membership@televisionacademy.com" <membership@televisionacademy.com>

Date: 09/01/2020 8:52 PM

Subject: Notice of witness examination CPLR 3113


To:  Adam Sharp

You have been named as a key witness in New York litigation.  Per New York C.P.L.R. 3113 you shall be added to the witness list.

See attached.

Kindly pass this e-mail on to your legal counsel for further action.


D. G. Sweigert

Application DENIED.  To intervene as of right under Federal Rule of Civil Procedure 24(a), the movant must possess "an interest relating to the property or transaction which is the subject of the action."  Fed. R. Civ. P. 24(a)(2); *United States v. City of New York*, 198 F.3d 360, 365 (2d Cir. 1999) ("Under Rule 24(a)(2), the proposed intervenor must have a direct, substantial, and legally protectable interest in the subject matter of the action.").  Mr. Sweigert does not have a protectable legal interest in this case, which concerns the Defendants' alleged abuse of process and attorney misconduct toward Plaintiff.

To intervene permissively under Rule 24(b), a party must have "a claim or defense that shares with the main action a common question of law or fact."  Fed. R. Civ. P. 24(b)(1)(B).  But intervention cannot be used to "inject collateral issues into an existing action," and the Court has broad discretion to deny an applicant's motion for permissive intervention.  *New York News, Inc. v. Kheel*, 972 F.2d 482, 486-87 (2d Cir. 1992).  As noted *supra*, Mr. Sweigert has not identified any legally protectable interest in this case, and the Court will not allow Mr. Sweigert to inject his unrelated ongoing disputes with Mr. Goodman into this case.

The Clerk of Court is respectfully directed to mail a copy of this endorsement to D.G. Sweigert at America's RV Mailbox, PMB 13339, 514 Americas Way, Box Elder, SD 57719.

SO ORDERED.

Date: 4/15/2022

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE