IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JASON GOODMAN | Case No.: 1:21-cv-10627-VEC |
| Plaintiff, | |
| vs. | **RESPONSE IN OPPOSITION TO MOTION TO DISMISS** |
| ADAM SHARP, TERRANCE O'REILLY, FRANK SCHERMA, MARGARET ESQUENET, NATIONAL ACADEMY OF TELEVISION ARTS AND SCIENCES, INC., ACADEMY OF TELEVISION ARTS AND SCIENCES, INC., | |
| Defendant | |

       Plaintiff Jason Goodman by and for himself pro se ("Goodman"), hereby submits this opposition to Defendants' Motion to Dismiss the Complaint.  Goodman's Complaint had initial technical defects that were cured by the amended complaint.  A second amendment would cure remaining defects and allowing such amendment, particularly given plaintiff's pro se status, would serve justice without causing undue delay or prejudice to the defendants.  This Court has subject matter jurisdiction in this matter, personal jurisdiction over each of the defendants including Frank Scherma who does regular business in New York as the President and co-founder of Radical Media with its main office at 435 Hudson St. New York, NY.  Counsel for defendants should know this if they did in fact represent Frank Scherma.

       A second amended Complaint would sufficiently allege harm and damage with specificity that would not only meet but exceed the standards governing the form of a complaint. Accordingly, Defendants' motion to dismiss should be denied and plaintiff should be granted leave to file a second amended complaint.

RESPONSE IN OPPOSITION TO MOTION TO DISMISS - 1

**ARGUMENT**

At the outset, defendants seek to disparage this action as frivolous and retaliatory when in fact it is neither.  This case is about abuse of process by licensed attorneys and abuse of non-profit funds by non-profit experts.  The defendants conspired with one another and additional non-parties to abuse regularly issued legal process for an ulterior purpose to harm Goodman and for their own personal inurement in violation of New York Nonprofit Law.  This conspiracy sought a collateral advantage corresponding to the detriment to the plaintiff that is outside the legitimate ends of the process, and plaintiff suffered actual and special damages.

Plaintiff brought this action after identifying a pattern and practice of deception by defendants.  The motion to dismiss is just another element of this pattern.  Defendants' motion to dismiss wrongly asserts they "rightfully sought to enforce their intellectual property rights in another case adjudicated before this Court."  The truth is, defendants attempted to unjustly enrich themselves by suing a corporation for information published on the internet by Goodman. "Rightfully" enforcing their rights would have meant suing Goodman, but they intentionally avoided this to force Goodman to hire an attorney to defend his corporation.  Licensed attorneys like defendant Esquenet should know that 47 U.S. Code § 230(c)(1) specifically indemnifies a provider or user of an interactive computer service from being treated as the publisher or speaker of any information provided by another information content provider such as Goodman.  Former Head of Government and Non-Profits at Twitter defendant Sharp should know it is far outside the financial best interest of the non-profit that employs him to turn a personal grudge into a six-figure, multi-year legal battle without exploring an offer of no-cost resolution.

Defendants have a penchant for publishing and repeating false, legally meaningless, juvenile insults that cannot be substantiated with facts.  The motion to dismiss asserts the

RESPONSE IN OPPOSITION TO MOTION TO DISMISS - 2

Amended Complaint is merely another example of a "wild conspiracy theory". There has been no stipulated definition of "conspiracy theory" and it has no inherent legal or actual meaning. It is literally as if defendants referred to plaintiff as "ugly" and came to some legal conclusion based on that. The truth is anyone who uses the term "conspiracy theory" is tacitly admitting their own ignorance or guilt. Goodman has in fact revealed evidence that the defendants each acted either independently with such gross negligence that they must be held legally accountable, or otherwise in deliberate conspiracy to harm Goodman. Goodman's claims are derided by defendants as "baseless" when in fact they are well founded, backed by evidence, and only underscored by ongoing deceptive and dishonest conduct by defendants.

The motion to dismiss indicates Frank Scherma ("Scherma") is now represented by Finnegan, but no letter of appearance has been filed and when Goodman emailed counsel for defendants asking if they represented Scherma prior to seeking a summons and serving Scherma there was no response. Only after Scherma was served did counsel for defendants seek a waiver. Goodman hired a professional process server in Los Angeles ("LA Process Servers") who swore under penalty of perjury and confirmed by telephone that service was valid. Defendants sought to deceive the Court, falsely stating "As Plaintiff is aware, Defendant Scherma has authorized Finnegan to waive service on his behalf" (*See* ECF No. 61 page 2). Plaintiff is not aware of that. Plaintiff has told counsel for defendants he believes they are lying, and they failed to respond to a request for some form of evidence to prove they now represent Scherma.

### SUBJECT MATTER JURISDICTION

Eliminating the National Academy of Television Arts and Sciences ("NATAS") from this matter would resolve one of the defects alleged by defendants and the Court should allow this in an amendment to the complaint. NATAS was a passive participant or perhaps even a victim of

RESPONSE IN OPPOSITION TO MOTION TO DISMISS - 3

defendants' conspiracy and should be withdrawn from this matter.  Plaintiff suffered concrete

harm and injury in fact as a result of defendants' acts including damage exceeding $75,000.

Defendants engaged in a scheme whereby they misused tax-exempt funds and abused

regularly issued legal process to unjustly enrich themselves at Goodman's expense giving rise to

a valid cause of action that would survive a motion to dismiss.  47 U.S.C. § 230 and 56 U.S.C. §

501(c)(6) may not have been properly referenced in the initial complaint, but this does not

change the fact that defendants have engaged in a pattern of tortious behavior in furtherance of

their unjust enrichment at Goodman's expense and with the express intent of doing harm.  Those

laws and others were violated by defendants in the furtherance of a conspiracy intended to harm

Goodman financially, eliminate his access to social media networks his business relies on and

force him to discontinue broadcasting.

Defendants' motion to dismiss declares defendants "were not acting in their personal

capacities but as representatives of their respective organizations."  Defendants seem to imply

they believe they are indemnified from responsibility for illegal or tortious acts.  Although non-

profit board members and executives are generally indemnified from liability arising from good

faith decisions and actions, they are not indemnified from liabilities arising from activities that

intentionally cause injury, harm, or damage.  No one can be indemnified from participation in

tortious conduct or conduct that would otherwise subject the actor to civil or criminal liability

under the law.  Nonprofit board members and executives are not indemnified from knowing

approval of criminal acts or active involvement in criminal activities by the organization or from

personal involvement in a contract involving the nonprofit that is tainted by fraud.

The motion to dismiss does not address any of the NY JUD § 487 claims even as new,

even more egregious violations have occurred.  On April 14, 2022, counsel for defendants added

RESPONSE IN OPPOSITION TO MOTION TO DISMISS - 4

a digital signature to documents falsely attributed to plaintiff without his knowledge or consent.

(See ECF Nos. 63 and 64) This violated 8 U.S Code § 1324c, Rule 11 of the Federal Rules of

Civil Procedure and Rule 3.3 and 3.4 of the Bar Association Rules of Professional Conduct.

**CONCLUSION**

For the reasons stated herein, defendants' motion to dismiss should be denied and the

plaintiff should be granted leave to file a second amended complaint.

Signed this 18th day of April 2022,

Jason Goodman, Plaintiff, Pro Se
252 7th Avenue Apt 6s
New York, NY 10001
(323) 744-7594
truth@crowdsourcethetruth.org

RESPONSE IN OPPOSITION TO MOTION TO DISMISS - 5