UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JASON GOODMAN,<br><br>　　　*Plaintiff,*<br><br>　v.<br><br>ADAM SHARP, TERRANCE O'REILLY, FRANK SCHERMA, MARGARET ESQUENET, THE NATIONAL ACADEMY OF TELEVISION ARTS AND SCIENCES, INC. AND ACADEMY OF TELEVISION ARTS & SCIENCES,<br><br>　　　*Defendants*. | 21-cv-10627 (VEC) |

**DECLARATION OF B. BRETT HEAVNER IN SUPPORT OF DEFENDANTS'
JOINT MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

I, B. Brett Heavner, declare as follows:

　　　1.　　I am a partner at Finnegan, Henderson, Farabow, Garrett & Dunner, LLP and am counsel for Defendants Margaret Esquenet, Frank Scherma, and Academy of Academy of Television Arts & Sciences ("Esquenet/Scherma/ATAS") in this action.  The facts in this declaration are based on my personal knowledge.  If called upon to do so, I would testify competently to the facts contained in this declaration.

　　　2.　　Beginning on or about Monday, April 11, 2022, counsel for Esquenet/Scherma/ATAS and counsel for Defendants Adam Sharp, Terrance O'Reilly, and The National Academy of Television Arts and Sciences, Inc. (all Defendants named in the caption are herein collectively referred to as "Defendants") and *pro se* Plaintiff, Jason Goodman ("Goodman" or "Plaintiff"), engaged in email correspondence regarding the April 14, 2022 filing deadline pursuant to the Court's March 18, 2022 Order (Dkt. 44) for (1) a joint letter, and (2) a

1

proposed joint case management plan in preparation for the April 22, 2022 initial pretrial conference. A true and correct copy of the Parties' email correspondence is attached as Exhibit A.

3. On Monday, April 11, 2022, I emailed Goodman, stating in relevant part, "[a]lso, as you know, pursuant to the Court's March 18, 2022 Order (Dkt. 44), in preparation for the April 22, 2022 initial pretrial conference the parties are required to submit the following by **Thursday, April 14**, 2022: 1) a joint letter of no more than five pages, and 2) a proposed joint case management plan. Please immediately provide proposed drafts of these two documents." (Emphasis in the original). *Id*.

4. On Tuesday, April 12, 2022, I emailed Goodman again, asking, among other things, that he "[p]lease immediately provide us with proposed drafts of (1) a joint letter, and (2) a proposed joint case management plan which, as you know, must be filed with the Court no later than **Thursday, April 14**." (Emphasis in the original). *Id*.

5. On the morning of April 13, 2022, without Defendants' consent, Goodman filed a letter requesting that the Court adjourn the April 22, 2022 initial pretrial conference and related filings. (Dkt. 58). Goodman never met or conferred with Defendants regarding this application.

6. Later in the morning of April 13, 2022, Goodman emailed Defendants drafts of the joint status letter and case management plan, noting that "[i]n the event the continuance is not granted, here are the draft documents for your review." Ex. A.

7. Goodman sent another email to Defendants attaching the draft joint status letter and joint proposed case management plan in the afternoon of April 13, 2022, a true and correct copy of which is attached as Exhibit B.

8. On April 14, 2022, Goodman emailed Defendants with copies of a proposed third amended complaint and the draft joint status letter and joint proposed case management plan. *Id*.

9. Goodman filed a Motion Seeking Leave to File a Third Amended Complaint on the same day (April 14, 2022). (Dkt. 60).

10. Also on April 14, 2022, Defendants filed a response to Goodman's request for an adjournment of the initial pretrial conference and related filing deadlines. (Dkt. 61).

11. At 5:10 p.m. on April 14, 2022, Goodman emailed Defendants stating, "[t]he court is now closed and as far as I can see there has been no ruling on the continuance. It would seem to be in our mutual best interest to file the case plan and letter before midnight tonight. Do you have any edits to the drafts I have sent three times with no response?" Ex. A.

12. At 5:18 p.m. on April 14, 2022, I responded to Goodman' email, informing him that Defendants "agree that the case plan and letter should be filed today. We are working on our part of the documents and will send it to you later today." *Id*.

13. Goodman responded at 5:38 p.m. on April 14, 2022, stating, "[t]oday is over, it is now tonight. I provided these yesterday so we could file prior to 5pm. Pro se electronic filing works differently than it does for admitted bar members. You have now introduced the risk that these documents will not be filed in time." *Id*.

14. I responded to Goodman at 6:06 p.m. on April 14, 2022, stating, "[a]s plaintiff, it was your responsibility to get these materials to us substantially ahead of the deadline. As a courtesy to you we first reminded you of this responsibility on Monday, April 11 and again reminded you on Tuesday, April 12. You nonetheless waited until Wednesday, April 13 to send us drafts. We are now taking the time we need to revise the documents. We note, moreover, that there do not appear to be any time limitations on pro se filings in the court's rules. However, as a

further courtesy to you, we will file the documents by EOD today.  So, they will be filed in time." *Id*.

15. At 9:04 p.m. on April 14, 2022, Goodman sent Defendants an email stating, "I believe you are deliberately delaying to make this process more difficult than it needs to be.  If I have not received a draft from you within the next 60 minutes I will presume you do not intend to file jointly." *Id*.

16. Defendants filed the Parties' joint status letter and proposed joint case management plan at 9:20 p.m. and 9:23 p.m. on April 14, 2022, respectively.  (Dkts. 63 and 64).

17. Defendants made no substantive changes to any portions of the joint status letter or joint proposed case management plan which Goodman proposed to submit on his own behalf.  A true and correct redline document compare copy of Goodman's original proposed joint status letter and the ECF filed version is attached as Exhibit C.  A true and correct redline document compare copy of Goodman's original proposed joint case management plan and the ECF filed version is attached as Exhibit D.

18. At 9:45 p.m. on April 14, 2022, Defendants served Goodman with courtesy copies of the filed joint status letter and joint proposed case management plan via email.  Goodman responded, alleging that Defendants did not have his consent to place his signature on the joint documents.  A true and correct copy of this email correspondence is attached as Exhibit E.

19. Immediately thereafter on April 14, 2022, I responded to Goodman, informing him that "[b]ased on our correspondence indicating your concerns about being late with the filing, after we received your draft we understood that we had the authority to file the joint letter after adding our sections.  This is exactly what we did.  If you feel like the filing does not

accurately represent your position, you are free to make an additional filing stating the difference between what we filed and what you wanted to say to the court." *Id*.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct pursuant to 28 U.S.C. § 1746.  This declaration was executed on May 6, 2022 in Washington, D.C.

*/s/ B. Brett Heavner*
B. Brett Heavner, Esq.