# EXHIBIT C

Hon. Judge Valerie E. Caproni
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

April ~~1x~~14, 2022

      Re: Goodman v Sharp et al (1:21-cv-10627-VEC)

Dear Judge Caproni,

      Pursuant to your December 17, 2021 Order (Dkt. 8), and the memo endorsement of March 18, 2022 (Dkt. 44) the parties submit this joint letter in preparation for the initial pretrial conference scheduled to take place telephonically on April 22, 2022, at 11:00am.

## I. DESCRIPTION OF THE CASE

### a. Plaintiff's Brief Description of the Case:

      As the Court is aware, Goodman is the owner of a corporation that was sued by the Defendants. Goodman has alleged the defendants unjustly enriched themselves at Goodman's expense and violated state and federal law by suing a corporation for information published on the internet by Goodman. This case is not about trademark or copyright infringement claims, it is about the defendant's abuse of the law, abuse of tax-exempt funds, violation of New York's Nonprofit Revitalization Act of 2013 and violation of the authorized organizational purpose for which they are granted tax exempt status with the express intent of damaging Goodman. Defendant's willful violation of these state and federal laws was done for a malicious ulterior purpose and resulted in direct and significant financial damage to Goodman in the form of loss of business, legal fees, and other expenses.

      The complaint raises unjust enrichment and other claims pursuant to 47 U.S. Code § 230 and New York's non-profit revitalization act of 2013 and brings new allegations not previously considered by the court.

      Plaintiff further alleges defendants' wrongful acts were perpetrated in service of the personal, political, and financial goals of Adam Sharp and Margaret Esquenet and for their personal inurement with tax-exempt funds. Named co-conspirators became complicit in these allegedly illegal acts when they learned of the misdeeds and chose to continue to participate.

### b. Defendants' Brief Description of the Case:

      On December 13, 2021, Plaintiff filed his Complaint against Defendants Adam Sharp, Terrance O'Reilly, Margaret Esquenet, The National Academy of Television Arts and Sciences, Inc., and Academy of Television Arts and Sciences ("Defendants"). (Dkt. 1). The Complaint largely relates to another litigation, *Nat'l Acad. of Television Arts & Scis., Inc. v. Multimedia Sys.*

*Design, Inc.*, No. 20-cv-7269 (VEC) (S.D.N.Y. Sept. 4, 2020). In response to the Complaint, Defendants filed a Joint Motion to Dismiss on February 18, 2022. (Dkt. 23).

Plaintiff filed an Amended Complaint on March 15, 2022. (Dkt. 41). The Amended Complaint includes a claim under the Communications Decency Act ("CDA") (47 U.S. § 230) and a claim under 26 U.S. Code § 501(c)(6). Plaintiff also added Frank Scherma as a defendant.

Defendants filed a Joint Motion to Dismiss the Amended Complaint on April 5, 2022 (Dkt. 51), the opposition to which is due April 19, 2022. In sum, Defendants argue that Plaintiff's claims should be dismissed in their entirety with prejudice and without leave to amend for a variety reasons, namely: (1) this Court lacks subject matter jurisdiction over the matter because the Amended Complaint does not assert any viable federal causes of action and the parties are not diverse; (2) Plaintiff has failed to satisfy the requirements of Article III standing, as the Amended Complaint is devoid of any allegation that Plaintiff suffered any concrete harm or injury in fact; (3) the Noerr-Pennington doctrine precludes Plaintiff's claims; and (4) Plaintiff has failed to allege specific facts showing a plausible basis for relief against any Defendant. Moreover, Plaintiff has also failed to plead sufficient facts that this Court may exercise personal jurisdiction over Defendant Scherma under Fed. R. Civ. P. 12(b)(2).

Two additional motions are also pending before the Court. First, on April 12, 2022, Plaintiff filed a Motion for Leave to File a Second Amended Complaint. (Dkt. 57). Second, earlier today (April 14, 2022), Plaintiff filed a Motion for Leave to File a Third Amended Complaint. (Dkt. 60).

## ~~I.~~II.  CONTEMPLATED MOTIONS

### a.  **Plaintiff's Contemplated Motions:**

Plaintiff does not contemplate filing any motions at this time.

### b.  **Defendants' Contemplated Motions**:

Defendants intend to oppose Plaintiff's Motions for Leave to Amend the Complaint, which briefs are due April 26, 2022 and April 28, 2022, respectively.

If the Court grants Plaintiff leave to file another amended complaint, Defendants also intend to move to dismiss. In their Joint Motion to Dismiss Plaintiff's Amended Complaint, Defendants submitted that dismissal with prejudice is warranted because any further attempt to amend the complaint would be futile. *See* Dkt. 53, Section VI.

## ~~II.~~III.  SUBJECT MATTER JURISDICTION

### a.  **Plaintiff's Position on Subject Matter Jurisdiction:**

This Court has subject matter jurisdiction over this action because the amount in controversy exceeds $75,000 and because a federal question exists regarding Goodman's right to challenge defendant's unjust enrichment, abuse of process and other wrongful actions pursuant to 47 U.S. Code § 230 and New York Nonprofit law. Jurisdiction over the violation of New York's Nonprofit Revitalization Act is based on this Court's supplemental jurisdiction.

### b. Defendants' Position on Subject Matter Jurisdiction:

As fully set forth in Defendants' Memorandum of Law in Support of their Joint Motion to Dismiss Plaintiff's Amended Complaint, Defendants establish that this Court lacks subject matter jurisdiction over the case because the Amended Complaint does not involve a federal question, the parties are not diverse, and it fails to satisfy the $75,000 amount-in-controversy threshold.[1]

### IV. SETTLEMENT

### a. Plaintiff's Position on Settlement:

Plaintiff is willing to enter a settlement negotiation, but defendants remain uncooperative having refused to participate in multiple proposed telephone conferences.

### b. Defendants' Position on Settlement:

Defendants' position is that the case should be dismissed with prejudice and without leave to amend, therefore any settlement discussions would be fruitless at this time.

| Jason Goodman | FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP |
|---|---|
| | *Attorneys for Defendants Adam Sharp, Terrance O'Reilly, and The National Academy of Television Arts & Sciences* |
| /s/ Jason Goodman <br> truth@crowdsourcethetruth.org <br> 252 7th Avenue #6s <br> New York, NY 10001 <br> Telephone: (323) 744-7594 <br><br> Pro Se | /s/ Mary Kate Brennan <br> B. Brett Heavner <br> Mary Kate Brennan <br> 901 New York Avenue NW <br> Washington, DC 20001 <br> Telephone: (202) 408-4000 |

---

[1] Plaintiff's proposed second and third amended complaints seek, in part, to address Plaintiff's failure to properly plead the satisfactory amount-in-controversy in the Amended Complaint.

Facsimile: (202) 408-4400
b.brett.heavner@finnegan.com
marykate.brennan@finnegan.com

GORDON REES SCULLY MANSUKHANI, LLP

*Attorneys for Defendants Adam Sharp, Terrance O'Reilly, and The National Academy of Television Arts & Sciences*

*/s/ Brian E. Middlebrook*
Brian E. Middlebrook, Esq.
John T. Mills, Esq.
One Battery Park Plaza, 28th Floor
New York, New York 10004
Telephone: (212) 269-5500
Facsimile: (212) 269-5505
bmiddlebrook@grsm.com
jtmills@grsm.com

4