IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JASON GOODMAN<br><br>   Plaintiff,<br><br>vs.<br><br>ADAM SHARP, TERRANCE O'REILLY, FRANK SCHERMA, MARGARET ESQUENET, NATIONAL ACADEMY OF TELEVISION ARTS AND SCIENCES, INC., ACADEMY OF TELEVISION ARTS AND SCIENCES, INC.,<br><br>   Defendants | Case No.: 1:21-cv-10627-VEC<br><br>**NOTICE OF MOTION FOR RECONSIDERATION**<br><br>USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #:_____<br>DATE FILED: 9/6/2022 |

  Please take notice, pro se plaintiff Jason Goodman ("Goodman") by and for himself on his own behalf comes now seeking reconsideration of the final order in this action pursuant to Fed R Civ P Rule 60(b)(3), (6) and (d)(3) for the reasons set forth in the accompanying memorandum.

Signed this 12th day of August 2022

Respectfully submitted,

                _____
                Jason Goodman, Plaintiff, Pro Se
                252 7th Avenue Apt 6s
                New York, NY 10001
                (323) 744-7594
                truth@crowdsourcethetruth.org

NOTICE OF MOTION FOR RECONSIDERATION - 1

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JASON GOODMAN<br><br>PLAINTIFF,<br><br>VS.<br><br>ADAM SHARP, TERRANCE O'REILLY, FRANK SCHERMA, MARGARET ESQUENET, NATIONAL ACADEMY OF TELEVISION ARTS AND SCIENCES, INC., ACADEMY OF TELEVISION ARTS AND SCIENCES, INC.,<br><br>    *Defendants* | Case No.: 1:21-cv-10627-VEC<br><br>**CERTIFICATE OF SERVICE** |

Jason Goodman ("Goodman") plaintiff pro se served the Notice of Motion for Reconsideration to defendants via email at the following addresses:

"Katz, Seth" seth.katz@finnegan.com
"Brennan, Mary Kate" MaryKate.Brennan@finnegan.com
"Esquenet, Margaret" margaret.esquenet@finnegan.com
"Heavner, B. Brett" b.brett.heavner@finnegan.com
"Rosie.Norwood-Kelly@finnegan.com"

Signed this 12th day of August 2022

Respectfully submitted,

_____
Jason Goodman, Plaintiff, Pro Se
252 7th Avenue Apt 6s
New York, NY 10001
(323) 744-7594
truth@crowdsourcethetruth.org

CERTIFICATE OF SERVICE - 1

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JASON GOODMAN,<br><br>Plaintiff,<br><br>vs.<br><br>ADAM SHARP, TERRANCE O'REILLY, FRANK SCHERMA, MARGARET ESQUENET, NATIONAL ACADEMY OF TELEVISION ARTS AND SCIENCES, INC., ACADEMY OF TELEVISION ARTS AND SCIENCES, INC.,<br><br>Defendants | Case No.: 1:21-cv-10627-VEC<br><br>**MEMORANDUM IN SUPPORT OF MOTION FOR RECONSIDERATION** |

Pro se plaintiff Jason Goodman ("Goodman") comes now by and for himself on his own behalf to move this Court for reconsideration of its dismissal of the Amended Complaint pursuant to Fed R Civ P Rule 60(b)(3), (6) and (d)(3) for the reasons set forth below.

### INTRODUCTION

Throughout the course of this matter, and in the preceding action that gave rise to it, Judge Caproni has displayed a profound bias against Goodman that can only be described as disdain. Judge Caproni's approach to decisions concerning Goodman requires her to deny facts, ignore empirical evidence and gerrymander reality, to arrive at conclusions that unfairly favor opposing parties. Defendants have repeatedly engaged in brazen acts allegedly defying multiple laws and codes of ethical conduct. Each outrageous breech on its own satisfies the requirements of Rule 60(b)(3), and the supporting evidence is unimpeachable and in the Court's possession.

In this instant matter, defendants have engaged in conduct so egregious it reaches the level of fraud on the court and mandates reconsideration of the order. Failure to punish

MEMORANDUM IN SUPPORT OF MOTION FOR RECONSIDERATION - 1

defendants on the grounds that Goodman's motions were inartfully constructed is a clear error. U.S. Attorney General Merrick Garland has just reminded the American public that no citizen is above the law and laws must be enforced without fear or favor. Judge Caproni's failure to punish parties in opposition to Goodman despite overwhelming evidence favoring Goodman's claims, represents unfairly favorable treatment of those in opposition to Goodman. This favor is shown while facts and evidence that exonerate Goodman and tend to prove his claims are repeatedly ignored. Judge Caproni's failure to take meaningful action against parties adverse to Goodman, no matter how brazen their conduct, flies in the face of the Attorney General's dubious claims regarding even handed, equal application of justice.

## LIBERAL CONSTRUCTION OF PRO SE PLEADINGS

It is long established practice for Courts to construe pleadings from pro se litigants in a far more liberal light than filings made by licensed attorneys. The Twombly "plausibility standard" still applies to complaints brought by pro se litigants, *See* Sowell v. Chappius, 695 F. Supp. 2d 16, 18 (W.D.N.Y. 2010), but "[a] document filed pro se is 'to be liberally construed' and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" Erickson v. Pardus, 551 U.S. at 94 (internal citation omitted). "[A]ll pleadings, pro se or otherwise, must contain enough factual allegations to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Sowell v. Chappius, 695 F. Supp. 2d at 18 (omission in original) (quoting Boykin v. KeyCorp, 521 F.3d 202, 214 (2d Cir. 2008)). Thus, [*8] although some leniency is to be afforded to pro se litigants, they are not relieved of the obligation to comply with the pleading requirements of the Federal Rules of Civil Procedure. White v. Drake, 2011 U.S. Dist. LEXIS 109067, 2011 WL 4478921, *6 (N.D.N.Y. 2011). "Stated more simply, when a plaintiff is proceeding pro se, all normal rules

MEMORANDUM IN SUPPORT OF MOTION FOR RECONSIDERATION - 2

of pleading are not absolutely suspended." Id. (internal citation omitted). In addition, although the court is required to "draw the most favorable inferences that [the plaintiff's] complaint supports, [it] cannot invent factual allegations that he has not pled." Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010).

**CLEAR ERROR**

This motion for reconsideration is not asking the Court to invent factual allegations, but rather to correct the error of ignoring Supreme Court decisions regarding pro se actions and grant greater weight to the allegations than the defective causes of action in Goodman's inartful pleading. The Court should identify an appropriate cause of action based on Goodman's well-founded allegations, rather than reject those allegations due to defective pleadings or procedural errors. The Court's approach contradicts well-established practices concerning the treatment of pro se litigants and denies Goodman justice yet again.

While pro se litigants are required to abide by rules and adhere to court procedures, the techniques by which courts are intended to liberally construe pro se complaints seek to extract what would have been presented had the pleading been devised by counsel. This is intended to include seeking the proper statutes or causes of action as intuited by the Court from its best and most liberal interpretation of allegations made by the pro se litigant. Goodman's lack of legal training puts him at a substantial disadvantage in forming cognizable claims or identifying suitable statutes. Despite this, the Court ignores well-founded allegations of civil torts and criminal acts attributed to defendants.

**FRAUD ON THE COURT**

Fed R Civ P Rule 60(b)(3) and (d)(3) grant the Court authority to set aside a final judgement if it determines that a party has committed fraud upon the court. Goodman has

MEMORANDUM IN SUPPORT OF MOTION FOR RECONSIDERATION - 3

alleged defendants conspired with David George Sweigert ("Sweigert") ab initio and throughout the preceding litigation that gave rise to this instant action. Defendants have received regular communications from Sweigert which included information utilized by defendants against Goodman. The cited information could only have come from Sweigert and intended to create a pretext to sue Goodman's corporation, forcing him to hire counsel who was harassed to withdrawal by the same vexatious interloper. Goodman has alleged this fraudulent coordination introduced the allegedly confidential email address that was the subject of a sanctions hearing. Defendants benefited from harassment and intimidation of Goodman and his corporation's former attorney. The Court's decisions have tacitly endorsed this outrageous deceitful conduct.

Defendants engaged in further fraudulent behavior by forging Goodman's electronic signature on documents filed with the Court in violation of New York State law, federal law and Bar Association Code of Professional Conduct. This attempt to wrongfully gain an advantage over a pro se adversary was grossly unethical and should be appropriately punished irrespective of errors in Goodman's pleadings. Even if Goodman's Rule 11 motion was procedurally defective, some sua sponte action could be taken. Heavner should be found in contempt of court for this egregious conduct, or some other suitable punishment as determined by the Court.

Heavner should be compelled to provide an affidavit admitting his former associate Samuel Eichner converted a confidential email address into public information when he spoke it aloud in a public conference and caused it to be published in the transcript three months prior to Goodman's inadvertent publication of it. *See* The National Academy of Television Arts and Sciences, Inc., et al., v Multimedia System Design, Inc., Case 1:20-cv-07269-VEC-OTW Dkt No. 69. **(EXHIBIT A)**

MEMORANDUM IN SUPPORT OF MOTION FOR RECONSIDERATION - 4

**CONCLUSION**

Even if this motion for reconsideration is denied, it cannot be denied that defendants have engaged in the alleged conduct in this very Court. Violations of law and ethical codes must not be allowed. If justice is to be properly served in this matter, defendants must be punished for their brazen violations and abuse of this process.

Signed this 12th day of August 2022

Respectfully submitted,

_____
Jason Goodman, Plaintiff, Pro Se
252 7th Avenue Apt 6s
New York, NY 10001
(323) 744-7594
truth@crowdsourcethetruth.org

MEMORANDUM IN SUPPORT OF MOTION FOR RECONSIDERATION - 5

**(EXHIBIT A)**

L4UNNATC

```
 1   those accounts.  But, absent that, the privacy interest of the
 2   employees prevails.  That is the position that we have taken on
 3   these issues.
 4           THE COURT:  So, what is your basis for believing that
 5   there would be any business-related traffic on Mr. Sharp's
 6   personal e-mail account?
 7           MR. SNYDER:  It could be personal e-mail account, it
 8   could be his Sharp Things consulting firm e-mail account.  I
 9   think it's very likely there's going to be relevant documents,
10   because one of the claims in the defamation claim is that we
11   called Mr. Adam Sharp a partisan political operative.  If that
12   were an accurate description of Adam Sharp, that would be
13   likely to show up in maybe not in any award e-mail, but perhaps
14   his consulting e-mail.
15           THE COURT:  I'm sorry.  We have gone off the rails.
16   You said you wanted them to search three terms?
17           MR. SNYDER:  Yes.
18           THE COURT:  Goodman?
19           MR. SNYDER:  Yes.
20           THE COURT:  A YouTube clip.
21           And I can't remember what the third one was.
22           MR. EICHNER:  Your Honor, it was an e-mail
23   workingact███████████████  That is the e-mail address of the
24   person who notified the television academies of the image.
25           THE COURT:  How are these three search terms going to
```

Application DENIED.

Local Rule 6.3 provides that a notice of motion for reconsideration of a court order shall be served within 14 days after the entry of the judgment.  *See* Local Rule 6.3.  If a motion for reconsideration is untimely under the Local Rules, the court may treat it as a motion for reconsideration under Rule 60(b), which provides a deadline to file of "no more than a year after the entry of the judgment or order or the date of the proceeding."  *See Lora v. O'Heaney*, 602 F.3d 106, 111 (2d Cir. 2010) (treating an untimely motion for reconsideration as having been filed under Rule 60(b)); Fed. R. Civ. P. 60(c)(1).  Although Plaintiff's notice of motion was untimely filed under Local Rule 6.3, the Court deems it is nonetheless timely under Rule 60(b).

Plaintiff has moved for reconsideration pursuant to Rule 60(b)(3), (6), and (d)(3).  Rule 60, titled "Relief from a Judgment or Order," permits a court, in its discretion, to rescind or amend a final judgment or order in limited circumstances.  *See Cole v. Leverett*, 2012 WL 527011, at *1 (E.D.N.Y. Feb. 15, 2012).  Rule 60(b)(3) provides that a court may "relieve a party . . . from a final judgment [or] order" if there was "fraud . . . misrepresentation, or misconduct by an opposing party."  Fed. R. Civ. P. 60(b)(3).  The Court may also relieve a party based on "any other reason that justifies relief," *id.* 60(b)(6); nothing in Rule 60 shall "limit a court's power to . . . set aside a judgment for fraud on the court," *id.* 60(d)(3).

The Second Circuit has held that Rule 60(b) constitutes "extraordinary judicial relief" and should be "invoked only upon a showing of exceptional circumstances." *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir.1986).  "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked . . . ." *Shrader v. CSX Transp. Inc.*, 70 F.3d 255, 257 (2d Cir.1995).

Here, Plaintiff does not provide any authority or evidence that the Court overlooked in dismissing his action, nor does he allege any exceptional circumstances that might otherwise justify relief under Rule 60.  Rather, Plaintiff has reasserted the same meritless arguments of fraud and attorney misconduct against Defendants that this Court has already dismissed.  Accordingly, Plaintiff's motion for reconsideration is DENIED.

SO ORDERED.

*[signature]*                                    Date: 9/6/2022

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE