D. G. SWEIGERT, C/O, MAILBOX, PMB 13339
514 Americas Way, Box Elder, SD 57719
Spoliation-notice@mailbox.org

June 19, 2023

*Goodman v. Sharp et al, 1:21-cv-10627-VEC*

Honorable Valerie E. Caproni, U.S. District Judge
U.S. District Court for the Southern District of New York
500 Pearl Street, New York, N.Y. 10007
Via ECF filing

SUBJ:   Supplement to ECF no. 2, 3, 4 and 5

Your Honor,

1.   Attached is the recent decision of the U.S. Court of Appeals for the Second Circuit concerning Jason Goodman.

2.   Under the penalties of perjury, the undersigned asserts that this filing is not unnecessarily duplicative; (ii) that the submission is not frivolous or made in bad faith or for any improper purpose; and (iii) that the filing complies with this Court's orders, the Federal Rules of Civil Procedure, and this Court's Local Rules.

Respectfully,   Signed this Juneteenth Day, June 19, 2023 (06/19/2023).

*D. Swt*

**D.G. SWEIGERT, PRO SE DEFENDANT**

## CERTIFICATE OF SERVICE

Hereby certified that a PDF copy of this letter has been sent via electronic mail to:

Jason Goodman, sole stockholder of MULTIMEDIA SYSTEM DESIGN, INC.

truth@crowdsourcethetruth.org

Counsel served via ECF

Certified under penalties of perjury.

Respectfully,       Signed this June 19, 2023 (06/19/2023).

*[signature]*       **PRO SE DEFENDANT**

22-592-cv
The National Academy of Television Arts and Sciences, Inc. v. Goodman

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of June, two thousand twenty-three.

PRESENT:
> ROSEMARY S. POOLER
> RICHARD C. WESLEY,
> MICHAEL H. PARK,
>> *Circuit Judges.*

The National Academy of Television Arts and Sciences, Inc., Academy of Television Arts & Sciences,

> *Plaintiffs-Appellees*,
>
> v.                                                                22-592

Jason Goodman,

> *Counter-Claimant-Counter-Defendant-Appellant.*[*]

---

[*] The Clerk is respectfully directed to amend the caption accordingly.

| | |
|---|---|
| **FOR GOODMAN:** | Jason Goodman, pro se, New York, NY. |
| **FOR THE ACADEMIES:** | Margaret A. Esquenet , B. Brett Heavner, Mary Kate Brennan, Finnegan, Henderson, Farabow, Garrett & Dunner, LLP, Washington, DC. |
| **FOR AMICUS CURIAE:** | D. George Sweigert, pro se, Box Elder, SD. |

Appeal from a judgment of the United States District Court for the Southern District of New York (Caproni, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED** and the motion to strike is **DENIED** as moot.

Appellant Jason Goodman, proceeding pro se, appeals from the district court's sanctions order against him and denial of his motion to intervene. Appellees, the Academy of Television Arts & Sciences and the National Academy of Television Arts and Sciences, Inc. (together, the "Academies"), brought a copyright- and trademark-infringement suit against Multimedia System Design, Inc. ("MSD"). Goodman, the sole owner and employee of MSD, sought to intervene on his own behalf. The district court denied that motion and imposed sanctions on Goodman for willfully violating a

2

1    protective order by exposing a confidential email address.  We assume the parties'

2    familiarity with the underlying facts, the procedural history of the case, and the issues on

3    appeal.

4    Pro se filings are liberally construed "to raise the strongest arguments they

5    suggest."  *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017).

6    **I.    Sanctions**

7    We review sanctions orders for abuse of discretion.  *Wolters Kluwer Fin. Servs., Inc.*

8    *v. Scivantage*, 564 F.3d 110, 113 (2d Cir. 2009).  "Imposition of sanctions under a court's

9    inherent powers requires a specific finding that an attorney [or party] acted in bad faith"

10   and is "appropriate only if there is clear evidence that the conduct at issue is (1) entirely

11   without color and (2) motivated by improper purposes."  *Id.* at 114.  Conduct is

12   "entirely without color when it lacks any legal or factual basis."  *Id.*  "A finding of bad

13   faith, and a finding that conduct is without color or for an improper purpose, must be

14   supported by a high degree of specificity in the factual findings."  *Id.*

15   The district court did not abuse its discretion by ordering sanctions based on its

16   finding that Goodman acted in bad faith.  Goodman knew of the protective order

17   prohibiting disclosure of confidential discovery material, understood that the

18   confidential email address was protected by that order, and decided to reveal the email

19   address anyway.  The court determined that "Goodman's violation of the Protective

20   Order was done willfully, with no legitimate purpose, to satisfy Mr. Goodman's desire

3

1   to prove that Mr. Sweigert was behind the confidential email address," and Goodman
2   willfully disregarded the authority of the district court in establishing a protective order.
3   Order at 5–6 , *Nat'l Acad. of Television Arts & Scis., Inc.*, No. 20-cv-7269 (S.D.N.Y. Feb. 22,
4   2022), ECF No. 156.   Indeed, Goodman made clear that he understood his behavior could
5   have led to sanctions for an attorney but assumed he was protected from reprisal because
6   he was neither a pro se litigant nor represented by counsel.   *See* Letter exhibit A at 2,
7   *Nat'l Acad. of Television Arts & Scis., Inc.*, No. 20-cv-7269 (S.D.N.Y. Aug. 26, 2021), ECF No.
8   113-1 ("Now that I don't have an attorney whatever I do my attorney can't get sanctioned
9   and I'm not even Pro Se so they could just yell at me and tell me not to do it again.").
10  Moreover, at a show-cause hearing on the matter, the court rejected Goodman's claim
11  that he did not realize the email address was subject to the protective order, specifically
12  finding that this explanation for his conduct was not credible.   We afford the district
13  court's credibility determinations significant deference, *see United States v. Iodice*, 525 F.3d
14  179, 185 (2d Cir. 2008), and the record fully supports the district court's assessment of
15  Goodman's bad faith.
16       Furthermore, the requirement to notify other courts of the order against Goodman
17  is not a particularly onerous sanction.   "A district court may, in its discretion, impose
18  sanctions against litigants who abuse the judicial process," including "an injunction
19  forbidding further litigation."   *Shafii v. Brit. Airways, PLC*, 83 F.3d 566, 571 (2d Cir. 1996).
20  Goodman has engaged in many lawsuits with Sweigert, including at least six others that

4

1   have reached this Court.   *See* 2d Cir. 21-78, 21-2005, 21-3101, 22-40, 22-682, 22-1414.   The

2   district court's order is limited to two years and serves only to notify other courts that

3   Goodman has previously violated a protective order.   The order did not bar Goodman

4   from further litigation and so was less of an imposition than a filing injunction.   *Cf. Shafii*,

5   83 F.3d at 571.   And we have approved similar orders against attorneys who have been

6   sanctioned.   *See Gallop v. Cheney*, 667 F.3d 226, 230-31 (2d Cir. 2012).

7   **II.   Intervention**

8   "We review a district court's denial of a motion to intervene for abuse of

9   discretion."   *In re Bank of N.Y. Derivative Litig.*, 320 F.3d 291, 299 (2d Cir. 2003).   First, to

10  intervene as a matter of right under Fed. R. Civ. P. 24(a)(2), an applicant must "(1) timely

11  file an application, (2) show an interest in the action, (3) demonstrate that the interest may

12  be impaired by the disposition of the action, and (4) show that the interest is not protected

13  adequately by the parties to the action."   *Id.* at 300. (cleaned up).   "Failure to satisfy *any*

14  *one* of these requirements is a sufficient ground to deny the application."   *Id.* (cleaned

15  up).

16  The district court did not abuse its discretion by finding that Goodman's motion

17  to intervene as of right was untimely, as it was filed a year and a half into the litigation

18  and only after Goodman realized MSD was at risk of a default judgment.   Furthermore,

5

Goodman was the sole owner and employee of MSD, suggesting that his interests were fully represented in the suit.

Second, as to permissive intervention under Fed. R. Civ. P 24(b), the district court has "broad discretion" to deny such an application. *N.Y. News, Inc. v. Kheel*, 972 F.2d 482, 487 (2d Cir. 1992). The district court did not abuse its discretion in denying the motion to intervene because Goodman filed a separate suit in which he sued Sharp, the Academies, attorneys for the Academies, and others. Goodman thus had a full opportunity for his claims to be heard before a court. Goodman's interests have also been represented on appeal by MSD.

We have considered all of Goodman's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court. Because we affirm the judgment, we **DENY** the Academies' motion to strike as moot.[1]

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[1] The contested Appendix did not factor into our consideration of this appeal.